**ALD-090**                                                **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 11-3890

_____

JUSTIN MICHAEL CREDICO
"JMC31337"

Justin Michael Credico,
                                        Appellant

v.

CEO IDAHO NATIONAL LABORATORY, INDIVIDUAL AND OFFICIAL
CAPACITY; ATTORNEY GENERAL ERIC HOLDER, INDIVIDUAL AND
OFFICIAL CAPACITY; CEO SIEMENS (NUCLEAR POWER SYSTEMS AND
SOFTWARE), INDIVIDUAL AND OFFICIAL CAPACITY

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civ. No. 2-11-cv-06025)
District Judge:  Honorable Juan R. Sanchez

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 26, 2012
Before:  SLOVITER, FISHER AND NYGAARD, Circuit Judges

(Opinion filed: February 6, 2012)

_____

OPINION

_____

PER CURIAM

Credico, a Pennsylvania state prisoner proceeding *pro se*, appeals the District Court's dismissal of his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).[1] His complaint consisted of, as the District Court noted, "largely incomprehensible and fanciful claims." Specifically, Credico alleged that he had examined the "Stuxnet" computer virus and determined that it had been compiled by the United States for use as a weapon and that its deployment constituted a declaration of war without Congressional approval. He argued that these actions violated his rights under the 14th Amendment to the Constitution as they could have resulted in a nuclear winter. He sought one million dollars in damages, as well as "a lil [*sic*] video hearing chat," a television whereby he and his cellmate can watch the news, a laptop, Lexis Nexis software, Windows Vista, and "Scholarship."

Although a district court should generally give leave to amend prior to dismissing under these circumstances or make its own determination whether any amendment would be futile, Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002), we are satisfied—especially in light of Credico's subsequent filings—that the District Court did not err in dismissing his complaint without affording Credico leave to amend as any amendment would have been futile. He offers nothing by way of explanation how, even if his outlandish claims were true, any constitutional rights are implicated. In fact,

---

[1] This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and its review of a District Court's *sua sponte* dismissal for failure to state a claim is plenary. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). A court may dismiss a complaint under § 1915(e)(2)(B)(i) if the action "lacks an arguable basis

Credico stated in his Notice of Appeal that he will proffer evidence of his claims only *after* he is awarded a judgment of at least $60,000. We hold that this appeal is frivolous, and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).