ALD-233                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3630
_____

JUSTIN MICHAEL CREDICO,
Appellant

v.

UNKNOWN EMPLOYEE OF THE HOUSTON FBI FORFEITURE UNIT,
(INDIVIDUAL AND OFFICIAL CAPACITY);
ANY OTHER UNKNOWN DOJ AGENCY WHICH MAY BE DISCOVERABLE,
(INDIVIDUAL AND OFFICIAL CAPACITIES)
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 13-cv-4117)
District Judge:  Honorable Juan R. Sanchez
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 15, 2014
Before:  RENDELL, FISHER and GREENAWAY, JR., Circuit Judges

(Opinion filed: May 30, 2014)
_____

OPINION
_____

PER CURIAM

Justin Credico appeals the District Court's orders dismissing his complaint for failure to state a claim and denying his motion for reconsideration of that order. For the reasons below, we will dismiss the appeal as frivolous.

In his complaint, Credico alleged that he had called the FBI in Texas to discuss the arrest of the group spokesman of a group of computer hackers. He claimed that the agent he spoke to called him an "Israeli-Iranian bitch nigger." He alleged racial animus, racial discrimination, and negligent infliction of emotional distress. The District Court dismissed the complaint before service pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Credico filed a motion for reconsideration which the District Court denied. Credico then filed a notice of appeal.

Because Credico is proceeding in forma pauperis on this appeal, we must analyze his appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B), we must dismiss the appeal if the action (i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary damages from a defendant with immunity. An action or appeal can be frivolous for either legal or factual reasons. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

While the FBI agent's alleged use of racially derogatory language was inappropriate, it was not so pervasive or severe that it rose to the level of a violation of the Constitution. See e.g., Blades v. Schuetzle, 302 F.3d 801, 805 (8th Cir. 2002); Chavez v. Ill. State Police, 251 F.3d 612, 646 (7th Cir. 2001); Williams v. Bramer, 180 F.3d 699, 706 (5th Cir. 1999).

2

Whether analyzed under Pennsylvania law or Texas law, Credico's claim of negligent infliction of emotional distress fails. In Pennsylvania, a claim of negligent infliction of emotional distress is limited to situations in which: (1) the defendant owed the plaintiff a fiduciary or contractual duty; (2) the plaintiff was subjected to a physical impact; (3) the plaintiff reasonably experienced a fear of impending physical injury; or (4) the plaintiff observed a tortious injury to a close relative. Weiley v. Albert Einstein Medical Center, 51 A.3d 202, 217 (Pa. Super. 2012). None of these elements is present in this case. There is no cause of action for negligent infliction of emotional distress under Texas law. Boyles v. Kerr, 855 S.W.2d 593, 597 (Tex. 1993). [1]

For the above reasons, as well as those set forth by the District Court, we conclude that the appeal is frivolous. Accordingly, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

---

[1] To the extent that Credico sought to raise claims under the Federal Tort Claims Act or for intentional infliction of emotional distress, we agree with the District Court's reasons for holding that Credico fails to state a claim.