**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4776
_____

JUSTIN MICHAEL CREDICO,

Appellant

v.

C.O.  GUTHRIE, IN HIS INDIVIDUAL CAPACITY;
C.O.  ENGLISH, IN HIS INDIVIDUAL CAPACITY;
CEO OF MATHEW BENDER AND COMPANY INC.,
A MEMBER OF THE LEXIS NEXIS GROUP, IN HIS INDIVIDUAL CAPACITY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 13-cv-04476)
District Judge:  Honorable Juan R. Sanchez
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 23, 2014
Before:  CHAGARES, GARTH and SLOVITER, Circuit Judges

(Opinion filed: June 25, 2014)

_____

OPINION
_____

PER CURIAM

Pro se appellant, Justin Credico, appeals from the order of the United States District Court for the Eastern District of Pennsylvania summarily dismissing his civil rights action. We will affirm the District Court's judgment.

While incarcerated at the Chester County Prison, Credico filed a complaint under 42 U.S.C. § 1983, which he sought to proceed with in forma pauperis pursuant to 28 U.S.C. § 1915. He named Correctional Officers Guthrie and English, as well as the Chief Executive Officer ("CEO") of the Matthew Bender Company. Credico alleged that the Correctional Officers interfered with his right to access the courts. In particular, Credico stated that back in December 2012, Officer English directed a counselor to confiscate certain case-related materials that Credico had requested from the law librarian, and that on one occasion in July 2013, Officer Guthrie cut short his time in the law library. He further alleged that the CEO of the Matthew Bender Company failed to warn prison officials of the "illegalities" of confiscating a prisoner's case law, thereby causing a breach of contract and the "Lexis Nexis Master Agreement." See Compl. at 3, ¶ III.

The District Court granted Credico in forma pauperis status and screened the complaint for dismissal under § 1915(e)(2)(B). The District Court concluded that the complaint was subject to summary dismissal. The District Court dismissed the complaint against the CEO of the Matthew Bender Company because Credico made no allegations

2

in his complaint which would allow the court to find that the CEO was a state actor.  See West v. Atkins, 487 U.S. 42 (1988).

With respect to Officers Guthrie and English, the District Court determined that, while prisoners retain the right to access the courts to pursue challenges to their sentences and to conditions of their confinement, Credico's complaint failed to show that the actions of the Correctional Officers caused him to suffer actual harm to his litigation efforts or that he has no other remedy to compensate him for any lost claims.  See Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008).  Further, having concluded that amendment would be futile, the District Court refused to afford Credico an opportunity to amend the complaint.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).   This appeal followed.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's sua sponte dismissal under § 1915(e)(2).  Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).  The legal standard for dismissing a complaint for failure to state a claim under § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to a motion filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  See id.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

3

Upon careful consideration, we agree with the District Court's assessment of Credico's complaint, and we will affirm for substantially the reasons stated in the District Court's opinion. Credico did not set forth allegations that would allow for the conclusion that the CEO of the Matthew Bender Company was a state actor. See West, 487 U.S. at 48 (citing Parratt v. Taylor, 451 U.S. 527, 535 (1981)). Additionally, as the District Court correctly noted, an inmate raising an access to the courts claim must show that the denial of access caused him to suffer an actual injury. See Lewis v. Casey, 518 U.S. 343, 351 (1996). An actual injury occurs when the prisoner is prevented from or has lost the opportunity to pursue a "nonfrivolous" and "arguable" claim. See Christopher v. Harbury, 536 U.S. 403, 415 (2002). After reviewing the complaint, we agree with the District Court that Credico failed to sufficiently allege an access to the courts claim. Specifically, he failed to identify an "actual injury" that he has suffered as a result of the alleged confiscation of his case-related research or the single instance in which his law library time was cut short.

In his appellate brief, Credico contends that the District Court "failed to grasp" that he was also attempting to assert a retaliation claim against the Correctional Officers. Even with the liberal construction afforded a pro se litigant, we cannot conclude that the District Court erred in failing to extract a retaliation claim from Credico's complaint given the allegations set forth therein. Moreover, in light of the nature of the factual allegations set forth in Credico's complaint, we further find no abuse of discretion on the

4

part of the District Court in determining that allowing him leave to amend his complaint would have been futile.  See Grayson, 293 F.3d at 108.

As we discern no error in the District Court's summary dismissal of Credico's complaint, we will affirm the judgment of the District Court.