UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

MAR - 2 2016

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

JUSTIN CREDICO,                          )
                                         )
                    Plaintiff,           )
                                         )     Case: 1:16-mc-00435
        v.                               )     Assigned to: Unassigned
                                         )     Assign. Date: 3/2/2016
MAJOR ASHDEN FEIN, *et al.*,             )     Description: Miscellaneous
                                         )
                    Defendants.          )

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the plaintiff's motion to proceed *in forma pauperis*. For the reasons discussed below, the motion will be denied.

Generally, a prisoner plaintiff is required to pay a filing fee in full. *See* 28 U.S.C. §§ 1914(a), 1915(b)(1). Pursuant to the Prison Litigation Reform Act ("PLRA"), "[a] prisoner who qualifies for [*in forma pauperis*] status . . . need not pay the full filing fee at the time he brings suit," and instead he is allowed to "pay the filing fee in installments over time." *Asemani v. U.S. Citizenship & Immigration Servs.*, 797 F.3d 1069, 1072 (D.C. Cir. 2015) (citations omitted). However, certain prisoners cannot qualify for *in forma pauperis* status under the PLRA's "three strikes" rule:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id.* (quoting 28 U.S.C. § 1915(g)); *see* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). This plaintiff has accumulated more than three strikes. *See Credico v. Guthrie*, 570 F. App'x 169 (3d Cir. 2014)

1

(per curiam) (affirming dismissal of complaint under 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief can be granted), *cert. denied*, 135 S. Ct. 758 (2014); *Credico v. CEO Idaho Nat'l Lab.*, 461 F. App'x 78 (3d Cir. 2012) (per curiam) (dismissing appeal as frivolous); *Credico v. Facebook, Inc.*, No. 14-881, 2014 WL 988470 (E.D. Pa. Mar. 12, 2014) (dismissing complaint under § 1915(e)(2)(B)(ii) for failure to state a claim), *appeal dismissed*, No. 14-1677 (3d Cir. June 9, 2015); *Credico v. Fein*, No. 13-4523, 2013 WL 5738032 (E.D. Pa. Oct. 22, 2013) (dismissing complaint as frivolous under § 1915(e)(2)(B)(i)); *Credico v. Unknown Employee of the Houston FBI Forfeiture Unit*, No. 13-4117, 2013 WL 3863883 (E.D. Pa. July 24, 2013) (dismissing complaint under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim), *aff'd*, 567 F. App'x 83 (3d Cir. 2014) (per curiam) (dismissing appeal as frivolous), *cert. denied*, 135 S. Ct. 688 (2014).

Under these circumstances, the plaintiff may proceed *in forma pauperis* only if he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). He fails to allege facts showing that he is under imminent danger of serious physical injury and, therefore, his application to proceed *in forma pauperis* must be denied.

It is hereby

ORDERED that the plaintiff's application to proceed *in forma pauperis* is DENIED under 28 U.S.C. § 1916(g). It is further

ORDERED that this miscellaneous action is DISMISSED.

SO ORDERED.

United States District Judge
J. Bankun

DATE: 2/25/16

2